UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

HONGFEI TIAN,

        Plaintiff,

    v.

UNITED STATES DEPARTMENT OF STATE, et al.,

        Defendants.

Case No.  5:26-cv-01006-PCP

**ORDER TRANSFERING ACTION TO THE DISTRICT OF COLUMBIA**

Re: Dkt. No. 13

Plaintiff Hongfei Tian brings this petition for writ of mandamus to compel the U.S. Department of State and its officers to take action on his H-1B visa application, which is pending final adjudication at the U.S. Consulate in Shanghai, China. Defendants now move to dismiss under Federal Rules of Civil Procedure 12(b)(6) and 12(b)(3). For the following reasons, the Court grants the Rule 12(b)(3) motion and transfers the action to the District Court for the District of Columbia.

**BACKGROUND**

Tian received a master's degree in electrical engineering from the University of Southern California in December 2019. Since March 2020 and with lawful immigration status, he has been employed by Apple. In July 2023, USCIS approved Tian's H-1B status from October 1, 2023, through June 19, 2026. Tian then received an H-1B visa on October 19, 2023, which was valid through October 17, 2024.

On July 7, 2025, Tian left the United States to travel back to China, where he grew up and of which he is still a citizen. His mother had been diagnosed with late-stage colon cancer. Her physicians were uncertain how much time she had remaining. Tian initially took paid family leave through August 2025 and then was placed on unpaid leave. Tian applied for a new H-1B visa at

the U.S. Consulate in Shanghai, China. He interviewed on July 15, 2025, but has yet to receive a final adjudicatory decision resolving his application. He filed the instant action in the Northern District of California, where he lived prior to his departure for China, under 28 U.S.C. § 1361 and 5. U.S.C. §§ 555(b), 706(1), requesting judicial intervention to compel defendants to take final agency action on his pending application. Defendants move to dismiss.

**LEGAL STANDARD**

The Federal Rules require a complaint to include a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). If the complaint does not do so, the defendant may move to dismiss the complaint. Fed. R. Civ. P. 12(b)(6). Dismissal is required if the plaintiff fails to allege facts allowing the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Dismissal under Rule 12(b)(6) is appropriate only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). To survive a Rule 12(b)(6) motion, a plaintiff need only plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

In considering a Rule 12(b)(6) motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable" to the non-moving party. *Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). While legal conclusions "can provide the [complaint's] framework," the Court will not assume they are correct unless adequately "supported by factual allegations." *Iqbal*, 556 U.S. at 679. Courts do not "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *In re Gilead Scis. Secs. Litig.*, 536 F.3d 1049, 1055 (9th Cir. 2008) (quoting *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001)).

Under Federal Rule of Civil Procedure 12(b)(3), a party may move to dismiss an action for improper venue. On such a motion, the plaintiff bears the burden of proving that venue is proper. *Piedmont Label Co. v. Sun Garden Packing Co.*, 598 F.2d 491, 496 (9th Cir. 1979). The "pleadings need not be accepted as true, and facts outside the pleadings may be considered." *Doe*

United States District Court
Northern District of California

*1 v. AOL LLC*, 552 F.3d 1077, 1081 (9th Cir. 2009). 28 U.S.C. § 1406(a) provides that the "district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought."

**ANALYSIS**

Suits against agencies of the United States may be brought in any judicial district in which (1) the defendant resides, (2) a substantial part of the events or omissions giving rise to the claim occurred, or (3) where the plaintiff resides if there is no real property involved in the action. 28 U.S.C. § 1391(e). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." *Id.*

Tian is a Chinese citizen and therefore is legally considered an alien in this country. *Chorostecki v. Blinken*, 742 F. Supp. 3d 1078, 1082 (C.D. Cal. 2024). "Courts in the Ninth Circuit have applied a rebuttable presumption that, for the purpose of determining whether venue is proper, a noncitizen does not reside in any judicial district in the United States." *Kiyaroudi v. Rubio*, No. C25-0091JLR, 2025 WL 1434380, at *3 (W.D. Wash. May 19, 2025). Under the venue statute, residency, "including [for] an alien lawfully admitted for permanent residence in the United States," is determined by where a person is domiciled. 28 U.S.C. § 1391(c)(1). Tian produced the following documents as evidence that he is domiciled in this District: a residential lease in Milpitas; a May 2026 bill from PG&E with that same address listed as service and billing address; and a driver's license issued, again, for an address in this District.

This documentation is not enough to meet plaintiff's burden because he is not a lawful *permanent* resident of the United States. *See Fang v. Rubio*, No. 25-CV-05151-TSH, 2025 WL 2772860, at *2 (N.D. Cal. Sept. 29, 2025) (considering a residential lease in Santa Clara, a California driver's license, bank records showing a Santa Clara mailing address, and a verification of employment showing her work location in Santa Clara and declining to find that venue was proper in this District). At the time of the filing, Tian was a valid H1-B visa applicant with a *temporary* residency status. 8 U.S.C. § 1101(a)(15)(H)(i)(b). While a lawfully admitted alien who

*United States District Court*
*Northern District of California*

3

"has taken steps under the immigration laws that objectively manifest an intent" to become a permanent resident of the United States may claim residency for the purpose of establishing venue under 28 U.S.C.A. § 1391, under the terms of his approved visa application, Tian was present in the United States only temporarily. Any attempts to establish a domicile are insufficient to properly allege residency under the statute. *See Fang*, 2025 WL 2772860, at \*3.

### CONCLUSION

Tian has not met his burden to establish that venue in this District is proper. Pursuant to 28 U.S.C. § 1406(a), the Court finds that the interests of justice favor transfer. Because defendants are a federal agency, venue is proper in the District of Columbia. *See id.*, at \*2 (citing *Chorostecki*, 742 F. Supp. 3d at 1081). Defendants' 12(b)(6) motion is denied without prejudice to its renewal before the transferee court.

**IT IS SO ORDERED.**

Dated: July 27, 2026

P. Casey Pitts
United States District Judge

United States District Court
Northern District of California